**980-15**

## IN The
## TEXAS COURT OF CRIMINAL APPEALS

ORIGINAL

Thomas Sanchez Rae

vs

The STATE OF TEXAS

CAUSE NO <u>11-14-00334-CR</u>

## <u>Petition For Discretionary Review</u>

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 30 2015

Abel Acosta, Clerk

PRO SE Petition
Thomas Sanchez Rae
T.D.C.J. <u>1977359</u>
lindsey State Jail
1620 Fm 3344
Jacksboro, TEX. 76458

FILED IN
COURT OF CRIMINAL APPEALS

JUL 30 2015

Abel Acosta, Clerk

# TABLE OF CONTENTS

Index of Authorities      3

Statement Regarding Oral Argument      4

Statement of the Case      4

Statement of Procedural History      4

Grounds For Review      5,6

Argument      6,7,8

(1) Adverse Ruling During Trial on Objection or motions

(A) during the Statement of Facts the State objected to and prevailed upon a number of it's arguments regarding of evidence in this case Rae Attempted

(B) The Jury was called upon to make a credibility determination between Skinner on the one hand and Rae and Thurber on the other. it is apparent from the verdict that they Rejected Rae and Thurber's version of event.

(2) Prejudice to the Appellant's Ability To obtain Relief

(A) the undersigned counsel is in full agreement with with Justice Keyes while it might be possible to claim that court erred in excluding the evidence Rae sought to produce

(b) Filing a brief raising only that single issue would severely prejudice Rae's Right to seek other forms Alleging ineffective assistance of counsel. Rather than take the "Easy way out" and raise an issue ultimately doomed to failure.

# INdEX OF AuthoRitiEs

## CASE

GARCIA v StAtE 819 S.W. 2d. b77 ( TEX. APP. CorPus christi, 1991 No-PEt) Pg. 6

ChEW v StAtE 804 S.W. 2d 633 (TEX. APP. SAN ANtoNio 1991 PET REF'd ) Pg 6

bROOKS v StAtE 323 S.W. 3d. 893 (TEX CRim. APP. 2010) PS 7

HERNANdEz v StAtE 351 SW. 3d. 356 (TEX APP. TEXARKANA 2011 PET REF'd ) Pg 7

## StAtuEs

TEXAS CodE OF CRIMINAl PROcEduRE ARt 11.07  Pg 8

U.S.C. ART 2254  Pg 8

## RulE

TEXAS RulE OF APPEllANt PROcEduRE 405(b) PS 6

TEXAS RulE OF APPEllANt PROcEduRE  412   PS 6

TEXAS RulE OF APPEllANt PROcEduRE   331(b)(A) Pg 7

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes oral argument would be helpful to the court because the issues raised are issues of first impression and the public policy behind resolution of these issues could be better discussed in the context of oral argument, where the court can ask question and consider alternatives that counsel are prepared to discuss.

## STATEMENT OF THE CASE

The appellant was charged with the offense of family violence by impeding the breathing or circulation of the victim. The appellant pleaded not guilty of this offense, and following a jury was convicted. The appellant elected to have the jury assess punishment, and the jury returned a verdict of imprisonment for six years and a $6,000 fine.

## STATEMENT OF PROCEDURAL HISTORY

| | |
|---|---|
| (1) Date of brief under Anders v California | March 25, 2015 |
| (2) Date of response to counsel Anders | June 12, 2015 |
| (3) Date of opinion from court of appeals | July 2, 2015 |

4

# Grounds For Review

(1) <u>Adverse Ruling During Trial on Objections or Motion</u> - As discussed supra during the Statement of Facts, the State objected to and prevailed upon a number of its argument regarding of evidence in this case Rae, attempted to offer evidence that Skinner has character trait of being a serial liar. A criminal defendant is permitted to offer such evidence only through opinion or reputation testimony therefore, Rae could have called any of his acquaintance or friend to testify that Skinner was known in the community to be a liar or that she had the reputation of being someone who falsely accuse men she angry with of specific instances of conduct to prove Skinner was acting in conformity with them on this date the jury was called upon to make a credibility determination between Skinner on the one hand and Rae and Thurber on the other it is apparent from their verdict that they rejected Rae and Thurder's version of event.

(2) <u>Prejudice to the Appellant's Ability to obtain Relief</u> The undersigned counsel is in full agreement with Justice Keyes. while it might be possible to claim that the court erred in excluding the evidence Rae sought to produce ultimately such a challenge would fail, as harmless or not preserved. Filing a brief raising only that single issue would severely prejudice Rae's right to seek other forms alleging ineffective assistance of counsel rather than take the "easy way out" and raise an issue ultimately doomed to failure the undersigned counsel would rather present this court with his reason seeking to withdraw and permit Rae himself a chance to be heard and to present any other claims or defense which were not considered by the undersigned counsel.

(3) <u>Appellant Generally Summarizes</u> - The evidence introduced at trial and the contends it fails to prove his guilt beyond a reasonable doubt in reviewing the sufficiency of the evidence an appellate court views the evidence in the light

5

most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

## ARGUMENT

(1) Adverse Rulings During Trial on objections or motions. - As discussed supra during the statement of facts, the State objected to and prevailed upon, a number of its argument regarding Texas Rule of Evidence 405(b) That Rule provides that specific instance of conduct are not admissible to prove that a person act in conformity with a specific character trait. In this case Rae attempted to offer evidence that Skinner has the character trait of being a serial liar, but attempted to do so via specific instances of conduct. According to the case of Garcia v State 819 S.W.2d 667 (TEX. APP. - Corpus Christi 1991, No pet) a criminal defendant is permitted to offer such evidence only through opinion or reputation testimony therefore Rae could have called any of his acquaintances or friend to testify that Skinner was known in the community to be a liar or that she had the reputation of being someone who falsely accuses men she is angry with of assault but was not permitted, by the plain language of the rule to discuss these specific instances of conduct to prove Skinner was acting in conformity with them on this date in a case that pre-dated the current Rule of Evidence Chew v State, 804 S.W.2d 633 (TEX. APP. - San Antonio 1991, pet ref'd) The San Antonio Court of Appeals held that a defendant's Right to cross-examination can outweigh the protections imposed by Rule 405(b). Specifically, in that case, the defendant sought to offer evidence of the victim's sexual promiscuity to support a defense of "Nymphomania" to a claim of sexual assault. While Texas Rule of Evidence 412 would now prevent the inclusion of such evidence. The undersigned counsel considered, but ultimately could not find support for the assertion that Rae's fundamental right to a defense was abrogated by his not being allowed to put on the excluded evidence. In particular, Rae was allowed to

6

Attack quite vociferously, Skinner's credibility. The jury was not left with any misconceptions that Skinner was a perfect or did not have a troubled history. Rather it appears that the jury in exercising their function as judges of the facts proven, chose to believe Skinner and disbelieve Rae and Thurber. Whatever personal disagreement attorney's and reviewing court's may have a weighing of the evidence we can no more invade the jury's credibility determination than we can demand that the sun rise in the west. See Brooks v State 323 S.W.3d 893 (Tex. Crim. App. 2010) Finally according to the statute such evidence would be admissible if it went to an essential element of a claim defense further it is at least arguable that Lopez did not properly preserve any of the above issues for appeal as it was the trial court and not either the prosecutor or Lopez who mentioned 405(b) Lopez's response does not appropriately apprise the trial court of any of the above discussion and therefore it is not outside the realm of possibility that this court in applying Texas Rule of Appellate 33.1 (B) complied with the requirment of Texas Rule of Civil or Criminal Evidence of the Texas Rule of Civil or Appellant Procedure (A) Rule on the request, objection or motion either expressly or implicitly (b) Refuse to rule on the request objection or motion and the complaining party objected to the refusal. Further in the undersigned counsel professional opinion even if this court were to believe that the trial court incorrectly rule on the states objection such objections would not rise to the level of Constitution harm. See Hernandez v State 351 S.W.3d 156 (Tex. App. Texarkana 2011 Pet. Ref'd) the jury was called upon to make a credibility determination between Skinner on the hand and Rae and Thurber on the other it is apparent from their verdict that they rejected Rae and Thurber's version of event

(2) <u>PREJUDICE TO THE APPELLANT'S Ability TO obTAIN Relief</u> - The undersigned Counsel is in Full Agreement with Justice Keyes. while it might be Possible To claim That the trial Court ERRed in excluding The evidence RAE Sought To Produce ultimately such A Challenge would FAil As harmless or not PRESERVEd. FiliNG A brief RAising only that sinGle would severly PReJudice RAE's Right To seek other Forms of Post Conviction Relief, including AN APPliCAtion For A writ OF habeas Corpus under ART. 11.07 OF The TEXAS Code Of CRiminAl PRocedure or 28 U.S.C. 2254 Alleging ineFFective Assistance OF Counsel. Rather than TAke the "EASY WAY OUT" And Raise An issue ultimately doomed To Failure, The undersigned Counsel would Rather PResent this Court with his REASON seeking To withdRAW And Permit RAE himself A chANCE To be heard And To PResent ANY other claims or deFenses which which were Not Considered by the undersigned Counsel

(3) APPELLANT seNerally summarize The evidence introduced At trial And then Contends it Fails To PRove his guilt beyond A REASONABLE doubT in Reviewing The suFFiciency OF The evidence AN APPellate Court view the evidence in the light most FAvorable To the verdict To determine whether ANY RAtional Trier OF FAct Could hAve Found The ESSENTIAL Elements OF The oFFENSE beyond A REASONABLE doubT.

<u>PRAYER For RELIEF</u>

This Petition should be GRANTED The evidence seized Following The Ruling during trial on objections or motion And PreJudice To the APPELLANT'S Ability To obTAin Relief. The Conviction based on OPINION OR REPUTation Testimony. evidence should be REversed And JudGment of ACquitTAl. PETITIONER Also Requests such other And Further Relief As is Just.

RESPECTFULLY submitted

Thomas Rae

Thomas Sanchez RAE
lindsey State JAil. No 1977359
1620 Fm 3344
JAcksboro, TEXAS 76458

8

## CERTIFICATE OF SERVICE

I, _Thomas Rae_ , do hereby certify that on July 20 of 2015 a copy of the foregoing Petition for Discretionary Review was forward by the United State Mail Postage Pre-Paid First Class. To. Texas Court of Criminal Appeals, Austin, Texas

x_Thomas Rae_
Petition Pro se

T.D.C.J. No 1977359
lindsey State Jail
1620 Fm. 3344
Jacksboro Tex. 76458



In The

# Eleventh Court of Appeals

No. 11-14-00334-CR

## THOMAS SANCHEZ RAE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 244th District Court

Ector County, Texas

Trial Court Cause No. C-39,078

## MEMORANDUM OPINION

The jury convicted Appellant, Thomas Sanchez Rae, of the offense of assault-family violence and assessed his punishment at confinement for a term of six years and a $6,000 fine. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw in this appeal. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has

concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and a motion for access to the appellate record and has advised Appellant of his right to review the record and file a response to counsel's brief. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). Appellant filed in this court a motion for access to the appellate record. The clerk's record and the reporter's record were provided to Appellant, and Appellant has filed a pro se response to counsel's motion to withdraw and supporting brief.

In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along

with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

July 2, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.